IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SALAH SALEM AHMED AZAB,

Petitioner,

v.

TYLER EDWARDS, Jail Administrator, Douglas County Jail; PETER BERG, Field Office Director, St. Paul Field Office, U.S. Immigration and Customs Enforcement; DAVID J. VENTURELLA, Senior Official Performing the Duties of the Director, U.S. Immigration and Customs Enforcement; MARKWAYNE MULLIN, Secretary of Homeland Security; and TODD BLANCHE, Attorney General of the United States

Respondents.

OPINION and ORDER

26-cv-765-jdp

---

Salah Salem Ahmed Azab was detained by agents of the Department of Homeland Security's U.S. Immigration and Customs Enforcement, and he is being held at the Douglas County jail in Superior, Wisconsin. Azab is a citizen of Egypt, but he has been living in the United States since 2023, when he was released on his own recognizance after he entered the United States without inspection. He seeks relief under 28 U.S.C. § 2241, contending that he is entitled to release or a bond hearing under 8 U.S.C. § 1226 and the Due Process Clause.

The parties agree that Azab is entitled to a hearing under *Cirrus Rojas v. Olson*, in which the court held that "[a]liens present in the country without admission and not 'seeking admission' under Section 1226 . . . are eligible for bond hearings subject to the INA's other requirements." 183 F.4th 909, 915 (7th Cir. 2026).[1] The only remaining disputed issues are

---

[1] The jail administrator did not respond to the order to show cause, so he has forfeited any objections to the petition.

whether Azab must be released pending his hearing and what the relative burdens of proof at the hearing are.

Azab acknowledges that this court has previously declined to order release pending a bond hearing. *See Murcia v. Bondi,* No. 26-cv-176-jdp, 2026 WL 710927, at *1 (W.D. Wis. Mar. 13, 2026); *Paredes Padilla v. Galovich,* No. 25-cv-863-jdp, 2025 WL 3251446, at *6 (W.D. Wis. Nov. 21, 2025). This is consistent with other courts that have recognized that release is discretionary under § 1226, and detention is lawful so long as a prompt bond hearing is provided. *See Leonteva v. Noem*, 834 F. Supp. 3d 805, 818 (S.D. Ind. 2026); *Balderas v. Olson*, 815 F. Supp. 3d 775, 788 (N.D. Ill. 2025).

Azab says that his case is different because he is asserting a claim under the Due Process Clause in addition to § 1226. But he does not develop the argument. He says that his previous release on his own recognizance created a liberty interest, but he cites no authority for that view. As this court previously observed, some courts have held that the Due Process Clause does not apply to the detention of noncitizens during removal proceedings, and the courts that have recognized due process claims have limited them to situations of lengthy, indefinite detention. *See Ali v. Blanche*, No. 26-cv-221-jdp, 2026 WL 2176966, at *1 (W.D. Wis. July 29, 2026). Azab was not detained until August 2026, and he does not explain why his relatively short detention would trigger the Due Process Clause, or, if it did, why it would require his release pending a hearing. So his due process claim fails.

As for the burden of proof, Azab acknowledges that the court of appeals has already recognized that the burden of proof rests on the noncitizen in hearings under § 1226. *See Cirrus Rojas*, 183 F.4th at 917. He again contends that his case is different because he is asserting a due process claim, but he does not support the claim.

The court will grant the petition and order a bond hearing but deny Azab's request for release and to place the burden of proof on the government.

ORDER

IT IS ORDERED that:

1. The petition for a writ of habeas corpus under 28 U.S.C. § 2241 filed by Salah Salem Ahmed Azab, Dkt. 1, is GRANTED.

2. Within seven days, respondents shall either provide Azab with a bond hearing before an immigration judge under 8 U.S.C. § 1226(a) or release him.

3. The clerk of court is directed to enter judgment for petitioner and close this case.

Entered September 15, 2026.

BY THE COURT:

/s/

JAMES D. PETERSON
District Judge